**NOT FOR PUBLICATION**

JUL 31 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEIKH MUFTII EL' ALI, | No. 13-15702 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00300-GEB-JFM |
| v. | |
| FRED GREER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Sheikh Muftii El'Ali appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We affirm.

The district court properly dismissed El'Ali's action because El'Ali failed to exhaust administrative remedies and failed to demonstrate that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to applicable procedural rules); *Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (where defendant establishes failure to exhaust, burden shifts to plaintiff to prove that administrative remedies were unavailable to him).

The district court did not abuse its discretion by denying El'Ali's motion for a temporary restraining order because El'Ali failed to demonstrate a strong likelihood of success on the merits. *See Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1297-98 (9th Cir. 2003) (setting forth the standard of review and criteria for preliminary injunctive relief).

We reject El'Ali's contention that the district court should have granted leave to amend.

**AFFIRMED**.